398 So.2d 128 (1981)
Kenneth Austin GUINN, Plaintiff-Appellant,
v.
PROGRESS DRILLING, INC., Defendant-Appellee.
No. 8106.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
Michael Harson, Lafayette, for plaintiff-appellant.
Young, McMahon & Levert, George J. Richaud, New Orleans, for defendant-appellee.
Before GUIDRY, SWIFT and LABORDE, JJ.
*129 LABORDE, Judge.
In this tort suit, plaintiff, Kenneth Austin Guinn, sued defendant, Progress Drilling, Inc., seeking to recover damages for personal injuries he sustained when part of a diesel engine fell on his foot. Progress Drilling, Inc. filed a motion for summary judgment claiming to be Guinn's statutory employer under Louisiana's Workmen's Compensation Law and therefore immune from tort liability. LSA-R.S. 23:1032,1061. The trial judge granted defendant's motion for summary judgment and dismissed Guinn's suit. Guinn appeals. We affirm. We hold that defendant was Guinn's statutory employer because the work performed by Guinn was part of defendant's trade, occupation or business. Additionally, we hold that LSA-R.S. 23:1061 is constitutional.
In written reasons for judgment the learned trial judge ruled:
"The motion for summary judgment is granted. The care, maintenance and repair of the defendant's machinery and equipment is an integral part of its businessthe exploration for and production of oil, gas and minerals. It is of no consequence that the particular work assigned to or undertaken by plaintiff herein was of a more serious nature than that usually done by defendant's other mechanics, shown to have been at the job site. The evidence established that the activity, the repair of a diesel engine used to power chemical mud mixers on its drilling rig, was essential to the employer's business. See Arnold v. Shell Oil Company, 419 F.2d 43 (5th Cir. 1969). See also, Malone's Workmen's compensation Law & Practice Ch. 6, page 153.
The constitutional attack by able counsel for plaintiff is rejected.
Plaintiff's remedy is under the Louisiana Workmen's Compensation statutes." (Tr. 180).
Whether the work performed by Guinn is part of defendant's trade, occupation or business and whether LSA-R.S. 23:1061 is constitutional are the issues on appeal.
Guinn was employed as a diesel mechanic for Industrial Engine Warehouse, Inc. On December 12, 1977, he went to repair a diesel engine on a land oil rig owned by the defendant. The diesel engine powered the mixers and pumps used to supply drilling mud for the drilling operations. An adequate supply of drilling mud is essential to the operation of the oil rig.
There are two diesel engines mounted side by side on the same metal skid placed on the floor of the oil rig. The clearance between the two engines is approximately one foot. In order to properly repair the engine, plaintiff needed to remove the blower assembly on the side of the engine. The blower assembly, including the fuel and water pump, weighs from 75-80 pounds. Due to the closeness of the engines, plaintiff needed to walk sideways holding the blower assembly at chest height to move it clear of the engines. While carrying the blower assembly, plaintiff slipped on some oil or drilling mud and the blower assembly fell on his foot.
LSA-R.S. 23:1061 provides that a principal is liable for workmen's compensation benefits to the employees of an independent contractor who are injured on the job if that contractor is performing work which is a part of the principal's trade, business or occupation. The exclusive remedy provision of LSA-R.S. 23:1032 is applicable to such a principal.
In Vincent v. Ryder Enterprises, Inc., 352 So.2d 1061, 1068 (La.App. 3rd Cir. 1977), this court set out four requirements for the application of LSA-R.S. 23:1061:
(1) The relationship of principal-contractor (as distinguished from another type of relationship, i. e., vendor-vendee) must exist.
(2) There must be a contract between the principal and contractor for the execution by the contractor of the whole or any part of the work being undertaken by the principal.
(3) The "work" which is the subject of the contract must be part of the principal's trade, business or occupation.

*130 (4) The injured employee must be engaged in the execution of the "work" as described above.
Guinn disputes only the existence of the third requirement. The defendant often hired outside mechanics when its own mechanics were unavailable or unable to perform the necessary repairs. It is settled that ordinary maintenance and repairs are part of an employer's regular business, trade and occupation. Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978); Duplechin v. Pittsburgh Plate Glass Co., 265 So.2d 787 (La.App. 3rd Cir. 1972); Redler v. Louisiana Power & Light Co., Inc., 383 So.2d 409 (La.App. 4th Cir. 1980). Guinn contends the repair work performed by him is unlike that performed by defendant's own mechanics taking his work outside the scope of defendant's regular business, trade or occupation. However, the determination of whether a principal is the statutory employer of a contractor's employee is not dependent upon the principal having employees performing the same task.
The undisputed facts presented show that plaintiff undertook to repair a diesel engine located on defendant's oil rig. For a principal to be a statutory employer, the contractor's employee must be engaged in an activity which is essential to the principal's business. See Vincent, supra. Applying this test to the facts presented, we conclude the repair of such equipment is essential to the defendant's business. Thus, the defendant is entitled to judgment as a matter of law recognizing it as plaintiff's statutory employer under LSA-R.S. 23:1061.
The plaintiff alleges LSA-R.S. 23:1061 is unconstitutional since it denies him a remedy in tort against a principal who often does not have to respond in workmen's compensation due to the right of indemnity granted the principal against the contractor. See Malone and Johnson, Louisiana Civil Law Treatise, Worker's Compensation (2d ed., 1980), §§ 128-129, pp. 263-270. The plaintiff's remedy under LSA-R.S. 23:1061 is made exclusive by LSA-R.S. 23:1032. LSA-R.S. 23:1032 has repeatedly withstood constitutional attack. Perez v. Continental Cas. Co., 367 So.2d 1284 (La. App. 3rd Cir. 1979), writ den., 369 So.2d 157 (La.1979); Branch v. Aetna Cas. & Sur. Co., 370 So.2d 1270 (La.App. 3rd Cir. 1979); Flynn v. Devore, 373 So.2d 580 (La.App. 3rd Cir. 1979) and Bazley v. Totorich, 397 So.2d 475 (La.1981).
For the above and foregoing reasons the decision of the trial court is affirmed at appellant's cost.
AFFIRMED.