BARRY, Judge.
This matter is on remand from the Supreme Court for this Court to review its decision not to allow defense access to certain DHHR records.[1] The records were in the file of a minor who was allegedly one of the victims in a case involving four counts of indecent behavior with juveniles. Defense counsel filed a subpoena duces tecum requesting the minor’s DHHR records, the court conducted an in camera inspection and ruled that defense counsel was entitled to have the DHHR records.
La.R.S. 46:56A mandates that DHHR case records are confidential. La.R.S. 46:56H(2) provides that the department can comply with a subpoena duces tecum in a criminal proceeding by delivering the records to the Clerk of Court with an affidavit of authenticity “to be sealed by the court and made available only to the litigants, after an in camera inspection by the court for a determination of relevance and/or discoverability, who shall be bound by the limits of confidentiality.”
A somewhat similar state statute was involved in Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). That matter involved sexual offenses by a father with his daughter in which the father/defendant subpoenaed his daughter’s records (records as to an earlier charge as well as the file on the recent charges) at Children and Youth Services [CYS], a protective service agency charged with investigating cases of suspected mistreatment and neglect. The relevant Pennsylvania statute allowed as an exception to the confidentiality of the CYS records disclosure to a court of competent jurisdiction pursuant to a court order. The father/defendant alleged the file might contain names of favorable witnesses and other unspecified exculpatory evidence. The Pennsylvania Supreme Court concluded that the father’s lawyer was entitled to review the daughter’s entire file to search for useful evidence under the confrontation clause and the compulsory process clause.
Certiorari was granted in Ritchie by the U.S. Supreme Court. The father’s position was that he could not effectively cross-examine his daughter without the CYS material because he did not know the questions to ask. A plurality of the U.S. Supreme Court concluded there was no confrontation clause violation by withholding the CYS file. The Court stated that the defense’s “ability to question adverse witnesses, however, does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony.” (footnote omitted). 107 S.Ct. at 999.
*533 Utilizing due process considerations to resolve the compulsory process clause claims, a majority of the Court quoted the Brady-Bagley language and recognized “that the public interest in protecting this type of sensitive information is strong ...,” 107 S.Ct. at 1002, and that full disclosure to defense counsel “would sacrifice unnecessarily the Commonwealth’s compelling interest in protecting its child abuse information.” 107 S.Ct. at 1003. The majority held that the father/defendant was entitled to know whether the CYS file information “may have changed the outcome of his trial had it been disclosed,” 107 S.Ct. at 1004, and remanded for an in camera review by the trial court to serve the father’s interests “without destroying the Commonwealth’s need to protect the confidentiality of those involved_” Id.
We are cognizant of the competing interests as well as the sensitivity and tension in such matters. The Supreme Court’s opinion, with a plurality decision as to one constitutional issue, a majority decision as to others, and a dissent by four justices, clearly indicates the complex nature of the personal and constitutional rights involved.
We conclude that the trial court abused its discretion by finding that certain portions of the DHHR records contain material evidence which should be disclosed to the defense.
The trial court judgment is reversed as specified hereinabove.
REVERSED.

. This Court’s ruling as to other documents was affirmed. 567 So.2d 81 (La. 1990). See our original opinion. State v. Ortiz, 555 So.2d 623 (La.App. 4th Cir.1989)