641 So.2d 552 (1994)
Ricky Leo KELLER and Barbara Keller
v.
EVANS COOPERAGE, INC.
No. 94-CA-006.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 1994.
Rehearing Denied September 16, 1994.
*553 Danny J. Lirette, St. Martin, Lirette, Shea, Watkins & McNabb, APLC, Houma, for plaintiffs-appellants Ricky Leo Keller and Barbara Keller.
Kenneth R. Bowen, Alfred R. Gould, Jr., Simon, Peragine, Smith & Redfearn, L.L.P., New Orleans, for defendant-appellee Evans Cooperage, Inc.
James C. Murphy, Jr., Cornelius, Sartin & Murphy, New Orleans, for intervenor-appellant Fidelity & Cas. Co. of N.Y.
Before KLIEBERT, WICKER and GOTHARD, JJ.
KLIEBERT, Chief Judge.
This appeal concerns the constitutionality of LSA-R.S. 23:1032, which provides immunity from tort suits to statutory employers. Plaintiff, Ricky Keller (hereafter "Keller") and Fidelity & Casualty Company of New York (hereafter "Fidelity") insurer of Keller's employer, Building Management Personnel (hereafter "BMP") appeal from a summary judgment granted to Evans Cooperage, Inc. (hereafter "Evans"). The judgment found Evans to be Keller's statutory employer and rejected plaintiff's constitutional challenge of LSA-R.S. 23:1032, which grants ordinary tort immunity to statutory employers. For the following reasons, we affirm the judgment of the trial court.
Keller was injured in the course and scope of his employment at Evans' Harvey plant. Though working at Evans' plant, Keller was an employee of BMP, the temporary employment agency who furnished supplemental workers to Evans. On July 31, 1992, Keller was sprayed with caustic soda from a broken overhead pipe, burning him over 95% of his body and causing the loss of sight in one eye. Keller sued Evans in ordinary tort alleging that the immunity provided by LSA-R.S. 23:1032 is unconstitutional. (Plaintiff Barbara Keller, Ricky's mother, claims loss of consortium). In a first supplemental and amended petition, Keller amended his petition to add a cause of action in intentional tort against Evans. Evans answered, alleging the Kellers' only remedy against it was for worker's compensation. Fidelity, the worker's compensation carrier of BMP, intervened in the suit, seeking reimbursement for compensation paid to Keller.
Evans moved for summary judgment, alleging that it was Keller's statutory employer and thus, under the provisions of LSA-R.S. 23:1032, immune to suit in ordinary tort, and specifically asked the court to find this immunity constitutional. Fidelity amended its petition to allege that Evans was the borrowing employer of Keller and was thus responsible for one-half of all compensation benefits already paid, and payable in the future by Fidelity. The trial court granted summary judgment in favor of Evans on both issues.
Keller appealed only the finding that LSA-R.S. 23:1032 is constitutional. (He does not appeal the factual determination that Evans was his statutory employer.) Fidelity also appealed, alleging summary judgment was improper because of unresolved factual issues, specifically whether Evans Cooperage's actions constituted an intentional tort against plaintiff Keller.

SUMMARY JUDGMENT
The law on summary judgment has been exhaustively stated by this Court and will not be repeated here. Toups v. Hawkins, 518 So.2d 1077 (La.App. 5 Cir.1987). Specifically, summary judgment will be granted in favor of mover when there are no contested issues of material fact, and mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
*554 In the instant case, only one motion for summary judgment was filed, that of Evans. This motion addressed two specific issues only: (1) whether Evans was Keller's statutory employer, and (2) whether the ordinary tort immunity provided to statutory employers by LSA-R.S. 23:1032 is constitutional. Contrary to Fidelity's appellate brief, the issue of Keller's suit in intentional tort against Evans was not before the court by way of this motion for summary judgment and was properly not addressed in any way by the trial court. As pointed out in Evans' appellate brief, this grant of summary judgment does not in any way dismiss Keller's suit in intentional tort against Evans, as the immunity granted by LSA-R.S. 23:1032 sounds in ordinary tort only.
Fidelity also points out that the trial court's judgment did not address its contribution claims against Evans. However, as with the intentional tort claim, this issue was not a subject of the motion for summary judgment and thus was not before the trial court at this juncture.

THE CONSTITUTIONALITY OF LSA-R.S. 23:1032
Keller challenges the constitutionality of LSA-R.S. 23:1032[1] on two grounds. First, he alleges that it denies him equal protection of the laws because employees at the work site are not treated equally, i.e., regular employees of a principal may sue the subcontractor and its employees in tort, whereas, the employees of the subcontractor may not sue the principal (statutory employer) or its employees in tort. Second, plaintiff contends that LSA-R.S. 23:1032 and 23:1061[2] deny him due process of the law by restricting his remedy against the statutory employer.
The statutory employer immunity has withstood previous constitutional challenges. In Williams v. Gervais F. Favrot Co., 499 *555 So.2d 623 (La.App. 4 Cir.1986), writ denied, 503 So.2d 19 (La.1987), plaintiff was the widow of a construction worker killed in the course of his employment with H & W Erectors (H & W). H & W was a subcontractor hired by Favrot, the general contractor, to perform the steel reinforcement work required in the construction of an office building. The widow sued Favrot. The suit was dismissed on the grounds that Favrot was the decedent's statutory employer and the widow appealed.
On appeal, the Fourth Circuit, at page 627 said:
"To the extent that appellant's constitutional attack is directed at the increased tort immunity conferred on direct employers and principals by the 1976 amendments to the compensation act, we find that the question was settled by the Supreme Court in Bazley v. Tortorich, 397 So.2d 475 (La. 1981). See also Guinn v. Progress Drilling, Inc., 398 So.2d 128 (La.App. 3rd Cir. rev'd on other grounds, 401 So.2d 978 (La.1981), and the cases cited therein. The rejection of equal protection and due process attacks on Sec. 1032 in these cases was ultimately based on the court's conclusion that the legislature could rationally enact a compensation scheme which granted tort immunity to both direct and statutory employers even if one of the employers who escaped liability did not always have to pay compensation. See Malone and Johnson, supra at Sec. 38. For the reasons cited in the above authorities we also reject appellant's constitutional attack on Sec. 1032."
The Fourth Circuit had previously upheld the constitutionality of the statutory employer defense although the case was reversed on other grounds. Thompson v. South Central Bell Telephone Company, 402 So.2d 799 (La. App. 4 Cir.1981), reversed on other grounds, 411 So.2d 26 (La.1982). An injured employee filed suit against the telephone company for injuries sustained in a job-related accident while working on a project that the injured employee's employer was performing for the telephone company. The court in that case rejected the plaintiff's argument that the statutory employer defense was unconstitutional. Thompson, supra, at 805. The Court of Appeal found that the telephone company was a statutory employer of the injured employee. On appeal to the Supreme Court, the Court reversed, finding that a genuine issue of material fact remained as to whether the telephone company was the statutory employer. 411 So.2d at 27.
Lastly, as noted above, in Guinn v. Progress Drilling, Inc., 398 So.2d 128 (La.App. 3 Cir.1981), reversed on other grounds, 401 So.2d 978 (La.1981), plaintiff's argument was exactly the same as Keller's in this case, that since an injured employee does not actually receive compensation benefits from the principal employer, the act could not constitutionally deprive him of his tort remedy. The trial court, relying on Bazley v. Tortorich, supra, specifically rejected this argument.[3]
Keller argues that he is not treated equally with other employees at the work site. Specifically, he argues that employees of the principal may sue the contractor and its employees in tort, whereas, he may not sue the principal in tort. However, we see that these parties do not have equal relationships. The Supreme Court specifically addressed these differences in Johnson v. Alexander, 419 So.2d 451 (La.1982). There, the court underscored the importance in the worker's compensation scheme of the employer-employee relationship.
"Workmen's compensation is a compromise whereby the employer surrenders immunity from fault and the employee surrenders the right to sue the employer for the full amount of his damages. Malone v. Johnson, Workmen's Compensation, Sec. 32 in 13 Louisiana Civil Law Treatise 40 (1980). By its nature, workmen's compensation is a remedy between the employer and his employee. Without the employer-employee relationship, the injured employee cannot recover benefits. Wofford v. Dow Chemical, 335 So.2d 536 (La.App. 1st Cir.1976).
To prevent an employer from evading his compensation responsibility for imposing an insolvent subcontractor between *556 himself and his employees, the legislature "statutorily" created an employer-employee relationship between a principal and the employees of the subcontractor. Travelers Ins. Co. v. Paramount Drilling Co., Inc., 395 So.2d 849 (La.App. 2nd Cir.1981); Wofford v. Dow Chemical Co., supra. Thus, when a principal employs a subcontractor to execute the whole or any part of the principal's trade, business or occupation, the principal's liability to any injured employee of the contractor is limited to the same extent as if the injured employee had been immediately employed by the principal. R.S. 23:1061. As a result, recovery of workmen's compensation benefits is the exclusive remedy of the `statutory' employee against his own employer, as well as the principal and employees of such employer or principal. R.S. 23:1032. Redler v. Louisiana Power & Light, 383 So.2d 409 (La. App. 4th Cir.1980).

However, there is no provision in the statutory scheme which creates an employer-employee relationship between the subcontractor and the principal's employees. As a result, the subcontractor has no liability for compensation payments to injured employees of the principal. Without any obligation to pay benefits, the subcontractor has not participated in the mutual compromise contemplated by our workmen's compensation law and is not immune from suit in tort. See Wofford v. Dow Chemical Co., supra; Malone & Johnson, supra, Sec. 368 in 14 Louisiana Civil Law Treatise.

Further, though workmen's compensation benefits are a statutory employee's exclusive remedy when injured by employees of the principal, there is no provision in our workmen's compensation act which grants immunity from suit to a `statutory co-employee' who injures the principal's employee during the course and scope of employment. Absent a statutory provision to the contrary, the employees of the subcontractor must be considered third persons as far as the employees of the principal are concerned and subject to proceedings in tort." [Cites omitted] [Emphasis added]
Keller maintains that affording a principal employer tort immunity who does not actually pay workers' compensation benefits does not rationally further the otherwise legitimate state interest of charging the cost of employee injuries to the industry as a whole, and that a principal so situated does not participate in the compromise, or trade-off, envisioned by the legislature. However, plaintiff is wrong, both in the general sense and specifically with regard to the statutory employer in the matter.
We note that LSA-R.S. 23:1032 gives the injured employee rights to seek compensation benefits from a principal. LSA-R.S. 23:1061(B) gives the principal the right to seek indemnification from the employee's immediate employer. Reading the two statutes together, the principal is primarily liable for compensation but shall be entitled to indemnification from the immediate employer. If BMP were for some reason unable to pay worker's compensation to Keller, Evans would be obligated to provide the benefits as a matter of law pursuant to LSA-R.S. 23:1032 and LSA-R.S. 23:1061.
Keller also overlooks the contractual arrangements between the statutory employer and the immediate employee. By virtue of the terms of the contract, Evans is obligated to reimburse the employer for any and all workers' compensation premiums which it paid on behalf of Keller, as well as for wages paid to him, and administrative costs. Therefore, although the statutory employer's own compensation carrier has not paid Keller benefits, Evans has borne the costs of the compensation benefits paid to Keller by the employer BMP's carrier through its payment of the insurance premiums.
Additionally, Evans is an industrial employer in its own right. As a statutory employee, Keller, was a temporary employee who supplemented the regular Evans work force, and was in fact the only BMP employee on his crew and, as such, shares in the overall cost of employee injuries with respect to the industry as a whole. Given the foregoing costs and liabilities which Evans has, or any principal employer has, it cannot be said that the statutory employer is an isolated business entity that has insulated itself from *557 liability for workers' compensation benefits to employees like Keller. Evans clearly participates in the compromise or trade off envisioned by the legislature which entitles it to ordinary tort immunity as a principal employer consistent with the constitutional principals announced by the Louisiana Supreme Court in Bazley v. Tortorich, supra.[4]
Last, Keller argues that he has been discriminated against due to "physical condition." However, as addressed above, Keller is treated identically to all other injured workers so situated, i.e., all workers of contractors who seek to sue their principals in ordinary tort. Employees of principals injured by tortious workers of contractors are not similarly situated in that the underlying employer-employee relationship does not exist between the principal's direct employee and the contractor.
Accordingly, we affirm the trial court's rejection of Keller's constitutional challenge to the tort immunity granted to statutory employers by LSA-R.S. 23:1032. Plaintiffs are to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1032 reads as follows:

The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.
[2] LSA-R.S. 23:1061 reads as follows:

A. When any person, in this Section referred to as the "principal", undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
[3] Guinn was reversed on factual grounds, but the constitutional holding was not disturbed.
[4] We note that in Bazley, supra, the constitutionality of co-employee immunity to tort suit was affirmed. A co-employee is always immune to suit in ordinary tort and never has exposure to liability in worker's compensation, unlike a statutory employer, whom we see does have potential exposure.