JiDUFRESNE, Judge.
This appeal arises following the dismissal of the tort suit of plaintiffs Jason Orillion, *331 Barry Orillion, George Orillion on an exception of no cause of action filed by the defendants, Alton Ochsner Medical Foundation, (Ochsner), and Brice Building Company (Brice). Both defendants claim they were immune from tort liability on the basis that they were statutory employers. Plaintiffs appeal from the judgment in favor of Ochs-ner and Brice, claiming the trial court erred in finding that Ochsner and Brice were immune from tort liability under the “two-contract” statutory employer defense. The trial court further ruled that Ochsner, as owner of the building under construction, owed no duty to the plaintiffs.
Plaintiffs allege that on August 9, 1984, at' a construction site in Jefferson Parish, Louisiana, plaintiff, Jason Orillion, while in the course and scope of his employment with his employer, Rush Masonry, Inc. fell from scaffolding and sustained injuries which have left him in a ^paraplegic state. The building under construction was owned by Ochsner with Brice as the general contractor. Brice had contracted with Rush to perform the masonry work on the project and contracted with the defendant, The Burke Company, (Burke) to supply the scaffolding to be used on the project. Plaintiffs sued Ochsner, as owner of the project, Brice as the general contractor and two subcontractors, Burke and Interior Systems of Louisiana, Inc., (Interior).
The statutory employer defense to tort liability arises from the language of LSA R.S. 23:1032, read in conjunction with LSA R.S. 23:1061. These statutory positions contemplate two distinct bases upon which a principal may avail itself of the statutory employer defense: (1.) By contracting with another for the execution of work which is part of the principal’s trade, business, or occupation; or (2.) By contracting with another to perform all or any part of the work which the principal is contractually obligated to perform. The latter situation is commonly referred to as the two contract statutory employment defense and was described by the Louisiana Supreme Court in Berry v. Holston Well Service, Inc. 488 So.2d 934 . (La.1986), as follows, “In the two contract situation, the owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the ‘sub’ to do the whole or a part of the total job contracted by the ‘general’ ”. Under this contractual relationship, the contract work of the ‘sub’ has been held in decisions of the intermediate courts to be automatically within the trade, ^business or occupation of the ‘general’. Thus, to prevail on an exception of no cause of action the party asserting the two contract defense must establish that (1.) Defendant entered into a contract with a third party; (2.) That pursuant to the contract, work must be performed; and (3.) In order for a defendant to fulfill his contractual obligation to perform the work, he entered into a. subcontract for all or a part of the work performed.
Brice argues that plaintiffs have no cause of action because it was a “principal” as defined by LSA R.S. 23:1032. This statutory provision defines a principal as any person who undertakes to execute any work which, is part of his trade, business, or occupation, or which he had contracted to perform in contracts with any person for the execution of said work. Brice argues that LSA R.S. 23:1032 prohibits tort suits by employees against their employers. Furthermore this section establishes that employers, including principals as defined by the statute, are immune form tort liability to their employees. Keller v. Evans Cooperage, Inc., 641 So.2d 552 (La.App. 5th Cir.1994). Brice also argues that LSA R.S. 23:1061(A) is applicable because it mandates the obligation that the principal is responsible for the payment of worker’s compensation to the employee of a contractor he engages, which prevents the principal from avoiding compensation obligations by contracting out work. Because the principal may be liable to pay worker’s compensation to an injured employee of the subcontractor, the principal is for that reason given immunity from tort liability under the exclusive remedy provisions set forth in LSA R.S. |423:1032. The two contract statutory employment defense thus contemplates relationships among at least three entities; a general contractor which has been hired by a third party to perform a specific task; a subcontractor hired by that general *332 contractor; and an employee of the subcontractor, Freeman v. Moss Well Service, 614 So.2d 784 (La.App. 2nd Cir.1993).
The purpose behind the two contract theory is to establish a compensation obligation on the part of the principal who contractually obligates itself to a party for the performance of work and who then subcontracts with intermediaries whose employees perform any part of that work. In return for compensation obligation, such a principal is thus insulated from tort liability, Thomas v. Department of Transportation and Development, 662 So.2d 788 (La.App. 2nd Cir.1995).
The issue on appeal is whether the trial court erred in granting the exception of no cause of action. When reviewing this case this exception must be decided on the face of the petition and no evidence may be introduced to support or controvert the exception, Reis v. Fenasci & Smith, 635 So.2d 1319 (La.App. 4th Cir.1994). The allegations in the petition must be assumed as true and any doubt should be resolved in favor of the petitioner. The exception must be denied if the petition states a cause of action on any grounds of the demand. We always review the petition carefully and will deny an exception of no cause of action in order to afford the litigant an opportunity to present his evidence.
|r,In this case we find the plaintiffs’ petition void of any reasonable basis on which to establish tort liability against Brice or Ochsner. In plaintiffs’ petition, their allegations taken as true, establish that Brice is a principal as defined in LSA R.S. 1032(A)(2) and LSA R.S. 1061(A), When plaintiffs allege that Brice contracted with Ochsner to perform construction work, which contracted with Rush to perform masonry work on the construction project, we learn that there must have been a two employer contract relationship. Brice as general contractor, establishes that it was the principal as defined in Sections 1032 and 1061 and that Jason Orillion was Brice’s statutory employee, with worker’s compensation as the sole remedy against Brice.
Brice argues that plaintiffs’ petition fails to state a cause of action or an intentional act that would avoid the exclusivity provision of the Louisiana’s Worker’s Compensation Act. In the petition for damages plaintiffs used the word “intentionally” alleging that this prevents the application of LSA R.S.23:1032; however, using “intentional” alone, without supporting facts, is insufficient to avoid the application of tort immunity. When an employee seeks to recover from his employer for intentional tort, our courts must apply the legal precepts of general tort law related to the particular’ intentional tort alleged. White v. Monsanto, 585 So.2d 1205 (La.1991), Caudle v. Betts, 512 So.2d 389 (La.1987).
After carefully reviewing the petition for damages, and taking this petition as true, the plaintiffs clearly have couched language which leads us to the inescapable conclusion that there was a two l6contract employer relationship which existed between Brice, the general contractor, which had been hired by Ochsner to perform a specific task and Rush, hired by Brice and Jason Orillion, an employee of Rush.
Allegations that Brice and/or Ochs-ner intentionally failed to supervise workers and intentionally failed to provide proper scaffolding do not rise to the level of an intentional tort recognized by our courts.
After review of the pleadings, we find the trial court correctly granted defendants’ exception of no cause of action and therefore we affirm.

AFFIRMED.

GOTHARD, J., dissents in part.