567 So.2d 81 (1990)
STATE of Louisiana
v.
Jose M. ORTIZ. (Two Cases)
No. 90-KK-0228.
Supreme Court of Louisiana.
September 28, 1990.
*82 PER CURIAM.
Writ granted. The defendant was charged with four counts of indecent behavior with juveniles. In the course of pre-trial discovery defendant filed requests for subpoenas duces tecum seeking documents from Supt. of Police Warren Woodfork, District Attorney Harry Connick, Charity Hospital, Records Custodian at the Child Protection Center (DHHR), Hotel Dieu Hospital, Orleans Parish School Board, Dr. Sara Foulks, and Dibert School. The state requested subpoenas duces tecum directed to the DHHR, Hotel Dieu Hospital and Fisk Howard School. Defendant's subpoenas to Supt. Woodfork, Charity Hospital and Dist. Atty, Connick were satisfied. The records produced pursuant to the remaining subpoenas were submitted to the trial court for a determination of whether they were subject to discovery by the defendant.
The trial court conducted an in camera inspection of the remaining records and determined that portions of the records from Hotel Dieu, DHHR and Fisk Howard School fell within the "Brady rule" and ordered that they be provided to defendant pursuant to his subpeonas duces tecum. The Court of Appeal for the Fourth Circuit reversed, 555 So.2d 623, finding that the records from Hotel Dieu and Fisk Howard School were not material to Ortiz's defense and that the confidential nature of the DHHR records made discovery of them by the defense improper. We affirm in part and reverse in part.
We find no error in the court of appeal's decision that the records from Hotel Dieu and Fisk Howard School are not Brady materials which the state must provide to the defendant. But with regard to the DHHR records, we conclude that our appeals court brethren fell into error.
The Fourteenth Amendment of the United States Constitution requires that the state disclose to an accused evidence in its possession that is favorable to the accused and material to his guilt or punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Impeachment evidence falls within the "Brady rule" where the credibility of the witness may be determinative of guilt or innocence. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).
According to the court of appeal, the DHHR records at issue here contain statements "that might pertain to [one juvenile's] veracity as a witness...." We have reviewed these records and agree that statements made by the juvenile's mother to Dr. Leona Bersadsky might be material to impeach the juvenile's credibility. Nonetheless, the court of appeal held that the confidential nature of these records prevented their disclosure to the defense.
The court of appeal's decision was in conflict with Brady, Giglio and a more recent *83 case almost directly on point with the case at hand. In Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), the United States Supreme Court held that where the statute providing for the confidentiality of the records of the state's child protection agency contemplates some use of those records in judicial proceedings, and does not absolutely prevent their disclosure in criminal prosecutions, such records are discoverable by a criminal defendant when a court of competent jurisdiction concludes that they are relevant and material to his defense. Like Pennsylvania, Louisiana does not provide for the absolute confidentiality of DHHR records by statute, but, in fact, has established a procedure for the discovery of the records:
In the event of the issuance of a ... subpoenea duces tecum served upon the custodian of case records or other qualified witness or employee of the department... in any criminal proceeding and such subpoena requires production for trial or discovery of any or all of the department's records, it shall be sufficient compliance if the custodian or other competent employee delivers ... a true and correct copy of all records described in such subpoena to the clerk of court or other tribunal ... to be sealed by the court and made available only to the litigants, after an in camera inspection by the court for determination of relevance and/or discoverability, who shall be bound by the limits of confidentiality.

LSA-R.S. 46:56(H)(2) (West supp.1990) (emphasis added).
Thus, the court of appeal fell into error in concluding that the DHHR records were not discoverable simply because they were clothed with a qualified confidentiality by the statute. As a consequence, the appeals court did not reach the ultimate issue regarding those records, viz., whether the trial court abused its discretion in finding that the DHHR records constituted evidence that would be favorable to the accused and material as to guilt or punishment. Accordingly, we will remand the case to the court of appeal for it to complete its review applying the correct principles of law. Moreover, it should be noted, that in the pretrial proceeding under review the concept of materiality to be applied is to be given its ordinary meaning in the law of evidence. For example, as Professor McCormick observed:
There are two components to relevant evidence: materiality and probative value. Materiality looks to the relation between the propositions for which the evidence is offered and the issues in the case. * * * But matters in the range of dispute may extend somewhat beyond the issues defined in the pleadings. * * * In addition, the parties may draw in dispute the credibility of the witnesses and, within limits, produce evidence assailing and supporting their credibility.
McCormick on Evidence (3rd Ed.) sec. 185 at p. 341.
For the reasons assigned, the court of appeal judgment is affirmed except with respect to the DHHR records found to fall within the "Brady rule" by the trial court. The court of appeal's decision with respect to those records is vacated and the case is remanded to the appeals court for its review of the trial judge's ruling in this regard anew following the legal principles set forth in this opinion.
WRIT GRANTED; AFFIRMED IN PART, VACATED IN PART; REMANDED TO THE COURT OF APPEAL WITH REASONS.
LEMMON, J., concurs.