*192
 
 PER CURIAM.
 

 11Granted. Although La.C.Cr.P. arts. 731 and 732 do not purport to address compulsory process during pre-trial discovery proceedings, otherwise regulated by the provisions of La.C.Cr.P. art. 716-729.6, which do not authorize the court-ordered production of documents or other tangible things not in the possession, custody, or control of the state, a district court possesses the inherent authority “to issue such writs and orders as may be necessary or proper in aid of its jurisdiction ... and to so control the proceedings that justice is done.” This authority includes the discretion to issue subpoena duces tecum during pre-trial discovery proceedings under narrowly defined circumstances.
 
 State v. Ortiz,
 
 567 So.2d 81, 83 (La.1990)(remanding the case for reconsideration because the court of appeal “did not reach the ultimate issue regarding [the] records [produced during pre-trial discovery in response to a subpoena duces tecum], viz., whether the trial court abused its discretion in finding that the DHHR records constituted evidence that would be favorable to the accused and material as to guilt or punishment.”);
 
 cf. United States v. Nixon,
 
 418 U.S. 683, 702, 94 S.Ct. 3090, 3104, 41 L.Ed.2d 1039 (1974) (“Enforcement of a pretrial subpoena duces tecum
 
 *193
 
 must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues.”).
 

 The criteria for issuing a pre-trial subpoena duces tecum under the authority of Fed.R.Crim.P. 17(c) provide guidance to a court in Louisiana in determining whether to exercise its discretion to issue the subpoena in the context of pre-trial criminal discovery proceedings.
 
 Nixon,
 
 418 U.S. at 699-700, 94 S.Ct. at 3103 (The moving party “must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity.”);
 
 see also United States v. Caro,
 
 597 F.3d 608, 620 (4th Cir.2010) (“[A] Rule 17 subpoena duces tecum cannot substitute for the limited discovery otherwise permitted in criminal cases and the hope of obtaining favorable evidence does not justify the issuance of such a subpoena.”)(internal quotation marks and citation omitted);
 
 United States v. Bueno,
 
 443 F.3d 1017, 1026 (8th Cir.2006) (“[A] moving party must show, among other things, that the documents are evidentiary and relevant and that the application is made in good faith and is not intended as a general fishing expedition.”);
 
 United States v. Tokash,
 
 282 F.3d 962, 971 (7th Cir.2002)(Rule 17(c) “is not a discovery device to allow criminal defendants to blindly comb through government records in a futile effort to find a defense to a criminal charge. Instead, it allows only for the gathering of specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial.”) (citations omitted).
 

 In the present case, we find no abuse of discretion by the trial judge in declining to issue a subpoena duces tecum directing the Criminal Sheriff for Orleans Parish to produce the prison record of a witness the state intends to call at |strial, or in failing to order the file produced for its
 
 in camera
 
 inspection, on the mere supposition that because the witness initially misrepresented her name to the police following her arrest on an unrelated charge, the file might contain impeachment evidence or other evidence favorable to the defendant and relevant to any material issue at trial. A far greater particularized showing than the desire to comb through records in an attempt to find something useful for trial is required to justify the court-ordered production of documents outside the scope of the reciprocal discovery provisions of La.C.Cr.P. art. 716-729.6.