hThe defendant, Issa Lamizana, Jr., appeals his convictions and sentences for aggravated rape. After review of the record in light of the applicable law and arguments of the parties, we vacate the defendant’s convictions and sentences, remanding the matter back to the trial court for further proceedings.

Relevant Facts and Procedural History

The defendant married the victims’ mother, Ebone Janelle Thomas, in December 2010. Ms. Thomas had two children, a daughter (E.T. 1) and a son (E.T. 2),[1] from a previous relationship. The relationship between the defendant and Ms. Thomas was rancorous.
The defendant was charged by bill of information on December 20, 2012, with two counts of aggravated rape in violation of La. Rev. Stat. 14:42(A)(4),[2] one count *60 relating to each of his step-children. The defendant’s first trial ended in a mistrial. On January 20, 2016, after a two-day trial, the defendant was convicted on both counts. On February 19, 2016, the district court sentenced him to life 12imprisonment at hard labor without the benefit of ’probation/parole or suspension of sentence, on each conviction.
The defendant timely appeals his convictions and sentences.

Discussion

In his appellate brief, the defendant raises five assignments of error. For the reasons that follow, we pretermit a full discussion of those assignments of error.
Prior to trial, the defendant sought to subpoena Department of Children and Family Services (DCFS) investigator Monique Hayes, who was apparently the first actor to interview victim E.T. 1 and the defendant’s wife, Ms. Thomas. In response, DCFS filed a motion to quash which was granted by the trial court.
The Sixth Amendment" of the United States Constitution and Article I; Section 16 of the Louisiana Constitution (1974) both guarantee a criminal defendant the right to compulsory process to present a defense. The defendant’s right to compulsory process is the right to demand subpoenas for witnesses and the right to have those subpoenas served. State v. Gordon, 01-734 (La.App. 5 Cir. 11/27/01), 803 So.2d 131, 148. Under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 216 (1963), the State is required to disclose to an accused evidence in its possession that is favorable to the accused and material to his guilt or punishment; for purposes of Brady rule, “no distinction exists between exculpatory and impeachment evidence.’’ State v. Kemp, 00-2228 (La. 10/15/02), 828 So.2d 540, 545 (citing U.S. v. Agurs, 427 U.S. 97, 96 S.Ct., 2392, 49 L.Ed.2d 342 (1976)). Records containing statements pertaining to a juvenile’s veracity as a witness may be material to impeach the juvenile’s ^credibility. State v. Ortiz, 567 So.2d 81, 82 (La.1990) .[3] Thus, where the pertinent statute contemplates some use of those records in judicial proceedings and does not absolutely prevent their disclosure in criminal prosecutions, such records are. discoverable by a, criminal défendant when a court of competent jurisdiction concludes that, they are relevant and material to his defense. Ortiz, supra (citing Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987)).
As is clear from the relevant state statute, Louisiana does not require absolute confidentiality of DCFS records but, rather, has an established procedure for discovery of those records:
In the event of the issuance óf a subpoena or subpoena duces tecum served upon the custodian of case records or other qualified witnéss or employee of *61 the department in a civil action in which the department is not a party, or in any criminal proceeding, and such subpoena requires production for trial or discovery of any or all of the department’s records, it shall be sufficient compliance if the custodian or other qualified employee delivers by registered mail or by hand a true and correct copy of all records described in such subpoena to the clerk of court or other tribunal, together with an affidavit of their authenticity, to be sealed by the court and made available only to the litigants, after an in camera inspection by the court for a determination of relevance and/or discoverability, who shall be bound by the limits of confidentiality.
La. Rev. Stat. 46:56(H)(2) (emphasis added).
In Ortiz, the Louisiana Supreme Court determined that La. Rev. Stat. 46:56(H)(2) allowed for disclosure of DCFS investigations and case records.
|4The record in this case is somewhat oblique. The motion to quash filed by the DCFS and the trial court ruling do not appear in the appellate record, although it is clear that the trial court granted DCFS’s motion to quash the subpoena and that the defendant was not allowed to call Ms. Hayes as a witness at the motion hearing or at trial. The record does show that defense counsel moved for a mistrial at the close of oral arguments based on the exclusion of the testimony of Ms. Hayes and the DCFS report prepared by Msi Hayes. The trial court denied the motion, noting defense counsel’s objection. Defense counsel again raised the issue after the verdict in the defendant’s motion for a new trial (which is in the appellate record), noting the trial court’s failure to perform the statutorily required in camera inspection of Ms. Hayes report before granting the DCFS motion to quash as follows:
•A representative for Monique Hayes, Kristen Stringer,, from the child protective services arrived with Mrs. Hayes and contested her being called to the stand to testify. This representative brought with her a sealed manila folder with papers in it that the judge was supposed to review in making his decision before he would allow Mrs. Hayes to testify. When the judge reviewed the papers it was discovered that this representative brought the wrong, papers, the papers were not even of the allege [sic] juvenile victims that were the subject of the case at hand, they were for different individuals not even involved in this case.. The judge could not even carry out the mandate of the statute the representative stated, which required the judge to do an in camera review of the papers before he could decide to allow Monique Hayes an employee of CPS to testify or not because Mrs. Stringer brought the wrong papers. The judge asked her to get the proper papers and the response was it could take up to 5 days for her to get the correct papers that were relevant to this case and with' thése juveniles. The judge could not make a proper determination as to if Monique Hayes should have been allowed to testify according to the statute the representative mentioned because the representative brought the wrong papers. Instead of making the representative get the correct papers to- do the correct in camera review the judge denied defense counsel the ability to call Mrs. Monique Hayes up to the stand all together [sic], and Mrs.. Hayes was present in court pursuant to the defense subpoena but again defense was denied the ability to call her Ifito the stand ■ to testify all together. [Sic]. This denial violated Mr. Lamiza-na’s Constitutional rights under the United States Constitution, in particular the 6th Amendment.
*62 On February 19, 2016, the trial court denied the motion for new trial and imposed sentence. Defense counsel then filed a motion for appeal which was granted by the trial court, along with defense counsel’s motion to withdraw and appointment of the Louisiana Appellate Project as the defendant’s counsel on appeal.
Appellate counsel asserts as Assignment of Error 2 that the exclusion of testimony by Ms. Hayes (the first investigator to interview the children and his wife) constituted a denial of the defendant’s fundamental right to present a defense and confront witnesses because Ms. Thomas (the defendant’s wife) compelled the children to make accusations against him as a result of their acrimonious marital relationship.
As determined by the Louisiana Supreme Court in Ortiz, La. Rev. Stat. 46:56(H)(2) allows for disclosure of DCFS investigations and case records. The statutory requirement that the records must be first produced to the trial court is presumably designed to allow the trial court to issue any necessary protective orders prior to issuing the subpoena. In this case, however, the trial court granted the DCFS motion to quash without waiting for DCFS to submit the correct records and, thus, without making a determination as to whether Ms. Hayes’s testimony was material to the defense.
Rape, particularly involving juvenile victims, is unquestionably an egregious crime. In this case, however, there is no physical evidence to support the convictions, the defendant and his wife clearly had an adversarial relationship, and |Bthe State’s case rested solely on the jury’s credibility determination in accepting the victims’ testimony that the defendant raped them. Thus, the trial court’s decision to grant the DCFS’s motion to quash, thereby implicating the defendant’s fundamental rights of presenting a defense, using compulsory process, and confronting witnesses without examining the DCFS report in camera as required by La. Rev. Stat. 46:56(H)(2) or ascertaining what Ms. Hayes would have testified (although she was apparently present and available to testify) greatly concerns us. Without evidence in the record as to the content of the DCFS filed by Ms. Hayes or what her testimony would have been, we cannot determine whether her testimony and/or report were material and of impeachment value and, thus, a reversible error. It does appear, however, that trial court’s apparent decision to summarily grant the DCFS motion to quash without regard to the statutorily required in camera inspection was error and implicates the defendant’s right to procedural due process.
Appellate counsel does not assign as error the trial court’s denial of the defendant’s motions for a mistrial or new trial, arguing only that the defendant’s fundamental rights were denied. On the record before us, we cannot determine whether the defendant’s constitutional rights were violated but it does appear that, at the very least, the defendant’s trial was flawed procedurally. The defendant was restricted from developing a complete record when the trial court summarily denied his right to compulsory process with regard to Ms. Hayes without examining the DCFS report in camera as required by La. Rev. Stat. 46:56(H)(2) or ascertaining what Ms. Hayes’ testimony would be, although she was apparently present and available to testify.
17Because the defendant’s fundamental rights may have been impaired by pretrial procedural defects and, at the very least, his opportunity to develop a full record was curtailed by the trial court rulings, the trial court’s denial of the defendant’s motions for mistrial and new trial was error. See La. Code Crim. Proc. art. 775 (a *63 legal defect in the proceedings is ground for mistrial); La. Code Crim. Proc. art. 851 (motion for new trial based on supposition that injustice has been done to defendant; the court shall grant defendant’s motion for new trial when court’s ruling on a written motion or objection made during proceedings shows prejudicial error and/or the ends of justice would be served by granting new trial even if defendant may not be entitled to new trial as a matter of strict legal right).
Defense counsel objected to the denial of the defendant’s motion for a mistrial and moved for an appeal immediately after the trial court denied the defendant’s motion for a new trial, thereby preserving those rulings for review. Accordingly, in the interest of justice we expand the scope of our review to consider the correctness of those decisions. See Rule 1.3, Uniform Rules-Courts of Appeal (this court reviews only issues submitted to the trial court and assigned as error in the appeal before this court “unless the interest of justice dearly requires othermse.”)(emphasis added).
As previously noted, Ms. Hayes did not testify and the DCFS records relating to her interview are not part of the appellate record. Due to the DCFS’s submission of the wrong file and the trial court’s decision to summarily rule on the motion (rather than waiting for the right file to be brought for his inspection), we cannot discern whether the testimony of Ms. Hayes or the records relating to her interview would undermine the credibility of the victims’ testimony and, if so, the extent to which the absence of Ms. Hayes’ testimony or records relating to her |8interview contributed to the verdict. Nonetheless, the trial court’s failure to comply with La. Rev. Stat. 46:56(H)(2) and, thereby, ascertain whether the testimony of Ms. Hayes was material—and thus preserve the record for our review—undermines our confidence in the verdict. Accordingly, we find that the trial court erred in denying the defendant’s motions for a mistrial and for a new trial.

Conclusion

For the foregoing reasons, the defendant’s convictions and sentences are vacated and the matter is remanded to the trial court for further proceedings.
VACATED AND REMANDED.

. As is the custom of this court, the juvenile victims are referred to only by their initials.

. La. Rev. Stat. 14:42 was amended by Acts 2015, Nos. 184 and 256, to change "aggravat *60 ed rape” to “first degree rape.” No substantive changes were made to La. Rev. Stat. 14:42(A)(4).

. In Ortiz, the Louisiana Supreme Court also noted that in a pretrial proceeding such as this one, the “the concept of materiality to be applied is to be given its ordinary meaning in the law of evidence,” quoting Professor ■ McCormick’s observation:
There are two components to relevant evidence: materiality and probative value. Materiality looks to the relation between the propositions for which the evidence is offered and the issues in the case. * * *. But matters in the range of dispute may extend somewhat beyond the issues defined in the pleadings. * * * In addition, the parties may draw in dispute the credibility of the witnesses and, within limits, produce evidence assailing and supporting their credibility.
Ortiz, supra (quoting McCormick on Evidence (3rd Ed.) § 185 at p. 341.