# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                          NEWS RELEASE #005

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **30th day of January, 2019**, are as follows:

**PER CURIAM**:

2017-K-1490        STATE OF LOUISIANA v. ISSA L. LAMIZANA, JR. (Parish of Orleans)

The court of appeal reversed defendant's convictions for aggravated rape and sentences of life imprisonment because it found the district court erred in quashing the subpoena of a Department of Children and Family Services investigator, who was the first person to interview the victims and their mother, and in refusing to allow the defense to call this investigator to testify at trial. We granted the State's application to examine the correctness of that ruling. Upon additional review, however, it became apparent that the record is inadequate to make that determination. Therefore, we reverse the court of appeal, and remand to the district court to conduct an evidentiary hearing consistent with the views expressed here. After the district court conducts the evidentiary hearing, defendant can again appeal his convictions and sentences.

REVERSED AND REMANDED

SUPREME COURT OF LOUISIANA

No. 2017-K-1490

STATE OF LOUISIANA

VERSUS

ISSA L. LAMIZANA, JR.

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL
FOURTH CIRCUIT, PARISH OF ORLEANS

PER CURIAM

Defendant was found guilty of the aggravated rapes of his two stepchildren, La. R.S. 14:42, and the district court sentenced him to two terms of life imprisonment without parole eligibility. The court of appeal reversed the convictions and sentences because it found the district court erred in quashing the subpoena of a Department of Children and Family Services investigator, who was the first person to interview the victims and their mother, and in refusing to allow the defense to call this investigator to testify at trial. *State v. Lamizana*, 16-1017 (La. App. 4 Cir. 5/31/17), 222 So.3d 58. The court of appeal found that, although it could not "discern whether the testimony of [the investigator] or the records relating to her interview would undermine the credibility of the victims' testimony and, if so, the extent to which the absence of [the investigator's] testimony or records relating to her interview contributed to the verdict," the trial court's action nonetheless "undermines our confidence in the verdict." *Lamizana*, 16-1017, pp. 7–8, 222 So.3d at 63.

We granted the State's application to examine the correctness of that ruling. Upon additional review, however, it became apparent that the record is inadequate to make that determination. No ruling by the district court judge regarding the subpoena appears in the record, and the circumstances under which the investigator

appeared but was not permitted to testify are disputed. The investigator's file also does not appear in the record. Although the defense made a general statement in the district court as to what the defense believed her testimony would prove, she was not called and her testimony was not proffered to the district court. Given these deficiencies in the record, we are unable to determine whether this witness was improperly excluded and what affect her exclusion had on the verdicts. *See generally State v. Vaughn*, 431 So.2d 358, 371 n.8 (1982) (on reh'g) ("[T]he appellate court, when reviewing an erroneous ruling that improperly excludes evidence, must be convinced that the excluded evidence would not have affected the jury's determination.").

During oral argument, the State agreed that the record was inadequate, and the State proposed in the interest of fairness and economy that the matter be remanded to the district court to conduct an evidentiary hearing, at which the investigator can be called to testify and the parties can present additional evidence pertinent to the district court's ruling. In light of the State's reasonable proposal, we reverse the court of appeal, and remand to the district court to conduct an evidentiary hearing consistent with the views expressed here. After the district court conducts the evidentiary hearing, defendant can again appeal his convictions and sentences.

**REVERSED AND REMANDED**