**STATE OF LOUISIANA**       *      **NO. 2021-KA-0409**

**VERSUS**      *

     **COURT OF APPEAL**

**ISSA L. LAMIZANA JR.**      *

     **FOURTH CIRCUIT**

     *

     **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 514-483, SECTION "J"
Honorable Darryl A. Derbigny, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

LOBRANO, J., CONCURS IN THE RESULT
JENKINS, J., CONCURS AND ASSIGNS REASONS

Jason Rogers Williams
DISTRICT ATTORNEY
David B. LeBlanc
ASSISTANT DISTRICT ATTORNEY
Appeals Division
619 S White Street
New Orleans, LA 70119

     COUNSEL FOR APPELLEE

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

     COUNSEL FOR APPELLANT

                **REMANDED WITH INSTRUCTIONS**
                       **March 23, 2022**

*RML*

      This is a criminal case. The defendant, Issa Lamizana, Jr., appeals his convictions and sentences for two counts of aggravated rape. For the following reasons, we remand this matter to the district court for further proceedings consistent with this opinion.

## BACKGROUND

      Mr. Lamizana married the victims' mother, Ebone Janelle Thomas, in December 2010. Ms. Thomas had two children, a daughter (E.T. 1) and a son (E.T. 2),[1] from a previous relationship.

      On December 20, 2012, a grand jury indicted Mr. Lamizana on two counts of aggravated rape in violation of La. R.S. 14:42(A)(4),[2] one count relating to each of his step-children. At trial, the State called Ms. Thomas, the two victims, and several witnesses involved in the investigation of the charges and treatment of the victims to testify. Mr. Lamizana testified on his own behalf and called several

---

[1] Pursuant to La. R.S. 46:1844(W), the juvenile victims are referred to only by their initials.
[2] Because the rapes were alleged to have taken place before the amendment of La. R.S. 14:42, Mr. Lamizana was charged with aggravated rape, rather than first degree rape.

family members to testify. The State also introduced written and recorded statements of the victims.

On January 20, 2016, after a two-day trial, the jury found Mr. Lamizana guilty on both counts. The district court sentenced Mr. Lamizana to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence, on each conviction.

Mr. Lamizana appealed his convictions and sentences, raising five assignments of error.[3] *See State v. Lamizana,* 16-1017 (La. App. 4 Cir. 5/31/17), 222 So.3d 58. In Mr. Lamizana's first appeal, this court pretermitted a discussion of four of the assignments of error in light of finding that Mr. Lamizana's second assignment had merit. *Id*. at p. 2, 222 So.3d at 60. Specifically, this court determined that the district court erred in denying Mr. Lamizana's motions for a mistrial and for a new trial based on its ruling excluding the testimony of Monique Hayes, an investigator with the Department of Children and Family Services, reasoning:

> Ms. Hayes did not testify and the DCFS records relating to her interview are not part of the appellate record. … [As such,] we cannot discern whether the testimony of Ms. Hayes or the records relating to her interview would undermine the credibility of the victims' testimony and, if so, the extent to which the absence of Ms. Hayes' testimony or records relating to her interview contributed to the verdict. Nonetheless, the trial court's failure to comply with La. Rev.

---

[3] In his first appeal, Mr. Lamizana asserted the following assignments of error: 1) improper witnesses testified with respect to the credibility of the victims; 2) the district court, by preventing the Department of Children and Family Services investigator, Monique Hayes, to offer testimony at trial, violated Mr. Lamizana's constitutional right to present a defense and his right to confrontation by denying him impeachment evidence; 3) the State's closing argument diverted the jury's attention from the lack of reliability in the victims' statements and attacked the integrity and presentation of defense counsel; 4) the evidence was insufficient to support Mr. Lamizana's convictions; and 5) the imposed mandatory life sentence was excessive.

Stat. 46:56(H)(2) and, thereby, ascertain whether the testimony of Ms. Hayes was material---and thus preserve the record for our review---undermines our confidence in the verdict.

*Id*. at pp. 7-8, 222 So.3d at 63.

This court vacated Mr. Lamizana's convictions and sentences and remanded the matter to the district court for further proceedings. *Id*. The Louisiana Supreme Court granted writs and reversed this court's decision. *State v. Lamizana,* 17-1490, (La. 1/30/19), 263 So.3d 872 (*per curiam*). The Supreme Court agreed that the record was inadequate to make a determination as to whether Ms. Hayes was improperly excluded as a trial witness. But, rather than vacate Mr. Lamizana's convictions and sentences, the Supreme Court remanded the matter to the district court to conduct an evidentiary hearing at which Ms. Hayes could testify. *Id*. at p. 2, 263 So.3d at 872–73. On February 20, 2020, the district court conducted an evidentiary hearing at which Monique Hayes testified.

Mr. Lamizana timely appeals his convictions and sentences.

## DISCUSSION

In this appeal, Mr. Lamizana assigns the same five errors he raised in his first appeal. And for the first time, Mr. Lamizana assigns error to the absence of unanimous jury verdicts in the record. Because Mr. Lamizana assigns as error the sufficiency of the evidence, we first address this assignment.[4] Moreover, because

---

[4] *See State v. Hearold*, 603 So.2d 731, 734 (La. 1992) (observing that "[w]hen issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence"). As the Louisiana Supreme Court has explained, "[t]he reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). Such an acquittal would necessarily prevent any retrial. *See State v. Gaine*s, 96-1850, p. 4 (La. App. 4 Cir. 1/29/97), 688 So.2d 679, 682 (observing that "[a]lthough [the defendant's] conviction must be reversed on other grounds, the issue of sufficiency of evidence must be addressed" because "if there was insufficient evidence even in the face of an error so

3

we find merit in Mr. Lamizana's assignment of error regarding the unanimity of the jury verdicts, we pretermit discussion of his remaining assignments of error.

I.    *Sufficiency of the Evidence*

The Supreme Court has set forth the following standard of review of the sufficiency of the evidence:

> When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, the appellate court "must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Neal*, 00-0674, (La. 6/29/01) 796 So.2d 649, 657 (citing *State v. Captville*, 448 So.2d 676, 678 (La. 1984)).

*State v. Brown*, 03-0897, p. 22 (La. 4/12/05), 907 So.2d 1, 18. In cases involving sexual offenses, "the testimony of the victim alone may be sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific, or physical evidence to prove the commission of the offense." *State v. Barbain*, 15-0404, p. 10 (La. App. 4 Cir. 11/4/15), 179 So.3d 770, 778 (citing *State v. Reel*, 10-1737, p. 8 (La. App. 4 Cir. 10/3/12), 126 So.3d 506); *see also State v. Williams*, 49,249, p. 7 (La. App. 2 Cir. 10/1/14), 149 So.3d 462, 468 (observing that "[t]he testimony of a sexual assault victim alone is sufficient to convict a defendant").

---

prejudicial as to warrant a new trial, then there can be no new trial"). Thus, the Supreme Court has held that an appellate court's failure to address the sufficiency of the evidence, when raised, is error. *See State v. Morris*, 615 So.2d 327, 328 (La. 1993) (observing that "the court of appeal erred in pretermitting relator's contention that the evidence was insufficient to prove the validity of [his] earlier convictions, which [were] an essential element of the charged crime").

At all times relevant to this case, aggravated rape was defined, in relevant part, as "a rape . . . where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed . . . [w]hen the victim is under the age of thirteen years." La. R.S. 14:42(A)(4). At all times relevant to this case, rape was defined as "the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent." La. R.S. 14:41(A). Moreover, "emission is not necessary, and any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the crime." La. R.S. 14:41(B). Any penetration, however slight, is sufficient. *State v. Wallace*, 13-0149, p. 10 (La. App. 4 Cir. 6/25/14), 143 So.3d 1275, 1281.

In his attack on the sufficiency of the evidence, Mr. Lamizana contends that the State failed to prove the essential element of penetration. Rather, Mr. Lamizana argues that the evidence, viewed in the light most favorable to the prosecution, proved only a touching of the victims' buttocks or anus with an unknown object—not penetration by Mr. Lamizana's penis. But, Mr. Lamizana's claim is directly contradicted by the victims' testimony. At trial, E.T. 1 testified as follows:

**Q.** And you said he touched you. How did he touch you?

**A.** Like my butt.

**Q.** And what part of his body did he use to touch you?

**A.** His private area.

**Q.** And was that his front privates or back private?

5

**A.** Front.

**Q.** And did his front privates go into your butt?

**A.** Yes.

Likewise, E.T. 2 testified unequivocally that Mr. Lamizana penetrated his anus with his "private area."

Mr. Lamizana further argues that if he had been permitted to call Monique Hayes to testify at trial, her testimony would have shown that the victims' statements and testimony were inconsistent and contradictory. Yet, at the February 20, 2020 evidentiary hearing, Ms. Hayes offered no testimony undermining the victims' testimony. Ms. Hayes testified that her report reflected that E.T. 1 "provided a clear and detailed history of penile anal penetration by her stepfather, Issa Lamizana." And Ms. Hayes never interviewed E.T. 2. Thus, her testimony could not have undermined his credibility.

As stated previously, "the testimony of the victim alone is sufficient to establish the elements of aggravated rape, even where the State does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant." *Wallace,* 2013-0149 at p. 8, 143 So.3d at 1279, *quoting Lewis,* 97-2854, p. 33, 736 So.2d 1004, 1923. In this case, the State presented evidence—the victims' testimony and prior statements—that Ms. Lamizana penetrated the anuses of the victims (both under the age of thirteen years old) with his penis. Ms. Hayes' testimony does not alter this conclusion. Accordingly, we find that the evidence presented at trial was sufficient to establish that Mr. Lamizana committed aggravated rape of both victims.

6

*II.    The Unanimity of the Verdict*

Mr. Lamizana also assigns as error the absence in the record of unanimous jury verdicts to establish his conviction, pursuant to *Ramos v. Louisiana,* ___ U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020) (holding that jury verdicts in state felony trials must be unanimous).  Because Mr. Lamizana's case is pending on direct review, the Supreme Court's decision in *Ramos* applies here.  *See Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review").

In this case, no evidence exists in the record as to the unanimity of the jury's verdicts.  Specifically, the record does not reflect that the jurors were polled as to their verdicts.  Further, in response to an order from this court, the district court stated that it had searched its record of this case and was unable to locate any juror polling slips or discover any additional information indicating the number of jurors voting to convict Mr. Lamizana.

The State argues that due to his failure to poll the jury, Mr. Lamizana lacks standing to contest the unanimity of the verdicts.  But, a challenge to the unanimity of the verdict is an error patent under Louisiana law; and, as such, an objection to the jury's verdict, in the form of polling the jury, is not required.  *See State v. Monroe,* 20-00335 (La. 6/3/20), 296 So.3d 1062.

Recent decisions from this court and the Supreme Court have addressed similar issues.  *See State v. Norman,* 20-00109 (La. 7/2/20), 297 So.3d 738 (*per

*curiam*); *State v. Robinson,* 21-0254 (La. App. 4 Cir. 2/18/22), ___ So.3d ___,

2022 WL 500113. In *Norman*, the district court polled the jury but ceased polling

after the first ten jurors. 20-00109 at p. 1, 297 So.3d at 738-39. Because it could

not determine whether the verdict was unanimous, the Supreme Court remanded

the matter to the district court to conduct further proceedings to ascertain whether

the verdict was unanimous. *Id.* Similarly, in *Robinson*, the record was devoid of

jury polling slips or any other indication of the jury verdict's unanimity. 21-0254

at p. 33, 2022 WL 500113, *15. Thus, pursuant to *Norman*, this court remanded

the matter to the district court to "clarify[] the record on the crucial issue of

whether the jury's verdicts were unanimous." *Id.*

Likewise, in this case the record is insufficient to determine whether Mr.

Lamizana was convicted by unanimous verdicts despite previous steps taken by

this court to obtain this information. Accordingly, we find that a remand is

necessary to clarify the record on the crucial issue of whether the jury's verdicts

were unanimous. Given our decision to remand this matter for further

proceedings, we pretermit discussion of Mr. Lamizana's remaining assignments of

error.

**DECREE**

For the foregoing reasons, this matter is remanded to the district court with

instructions to review the record and to conduct further proceedings to ascertain

whether the jury's verdicts were unanimous. The district court shall provide a *per*

*curiam* to this Court within ten days of ruling on the *Ramos* issue and stating the

outcome of its review and proceedings.

**REMANDED WITH INSTRUCTIONS**