STATE OF LOUISIANA                    NO. 23-K-203

VERSUS                                 FIFTH CIRCUIT

SUFYAN NASSAR                          COURT OF APPEAL

                                       STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

May 16, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL FIFFIE, DIVISION "A", NUMBER 20,174

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

## WRIT GRANTED; RULING OF FEBRUARY 15, 2023 VACATED

The State of Louisiana seeks this Court's supervisory review of the trial court's order for the State to provide to the defense the contact information of current and former 9-1-1 operators on duty on June 13 and 19, 2019. Based on the discussion below, we find that the trial court abused its discretion in its order of February 15, 2023. Accordingly, the writ is granted. We hereby vacate the trial judge's order of February 15, 2023, and deem defense counsel's request satisfied by the State's having provided the names of all current and former employees of the St. John the Baptist Parish Sheriff's Office 9-1-1 call center who were working on the days requested and the employment addresses of the current employees.

## PROCEDURAL BACKGROUND

On June 1, 2020, the St. John the Baptist Parish District Attorney filed a bill of information charging defendant, Sufyan Nassar, with manslaughter in violation of La. R.S. 14:31, occurring on or about June 13, 2019. On May 26, 2022, the

23-K-203

State filed "Amended Answer to Motion for Discovery." Defense counsel filed a *subpoena duces tecum* request to the St. John the Baptist Parish Sheriff's Office on July 29, 2022. On August 4, 2022, defense counsel filed "Defendant's Supplemental Motion for Discovery."

On February 15, 2023, a hearing was held, and the trial judge ordered the State to provide to the defense the information requested in the motion for discovery.[1] On April 16, 2023, the State timely filed the instant writ application.

In its writ application, the State argues that the trial court erred in ordering the State to produce the "contact information" of current and former employees of the St. John the Baptist Parish Sheriff's Office. The State asserts that the trial court has ordered it to provide to the defense the contact information of current and former 9-1-1 operators on duty "at the time of the offense."[2] It further asserts that current employees may be subpoenaed at their place of employment pursuant to La. C.Cr.P. art. 735(D).[3] The State contends that defense counsel does not need the home addresses, phone numbers, and e-mail addresses of current employees to secure their presence at a trial or a hearing. As to former 9-1-1 operators, the State argues that it should not be ordered to provide any additional contact information, as the information of former employees is not current, not known to be accurate, and could lead to the future harassment of "law enforcement personnel."

The State maintains that defense counsel has filed discovery motions and that it has provided defense counsel with open file discovery. The State further

---

[1] The State orally noticed its intent to take a writ, and the trial judge gave the State until March 17, 2023 to do so. On March 17, 2023, the State filed a written "Notice of Intent to Seek Writs," "State's Motion and Order for Extension of Time to File Writ," and a "Motion and Order for Stay of Proceedings." On that same date, the trial judge gave the State until March 17, 2023 to take a writ; granted the motion for extension of time and gave the State until April 16, 2023 to take a writ; and granted the motion to stay the proceedings until this Court rendered a decision on the instant writ application.

[2] Defense counsel's motion for discovery seeks information for June 13 and 19, 2019.

[3] La. C.Cr.P. art. 735 provides the law regarding types of service of subpoenas.

2

asserts that defense counsel has also filed a *subpoena duces tecum* thus bypassing the requirements of La. C.Cr.P. art. 732 and *State v. Marcelin*, 10-2036 (La. 10/15/10), 46 So.3d 191, 192-93 (*per curiam*). The State provides that after filing the *subpoena duces tecum*, defense counsel, in an August 4, 2022 Supplemental Motion for Discovery, sought all 9-1-1 calls on June 13 and 19, 2019, from 7:00 a.m. until noon in the District Attorney's possession, and the names, addresses, and contact information of employees of the St. John the Baptist Parish Sheriff's Office 9-1-1 call center as of June 13 and 19, 2019.

The State further provides that over its own objection, it turned over the names of the employees to the trial court for an *in camera* inspection. It points out that the St. John the Baptist Parish Sheriff's Office did not provide contact information for former employees to the State, but did provide their names. The State maintains that the trial court then surrendered the information to defense counsel, who objected that the information was incomplete. It also maintains that the District Attorney obtained the personnel information and submitted it to the trial court without the phone numbers of the employees or the addresses and phone numbers of the former employees. The State asserts that the District Attorney objected to the tendering of the information to defense counsel and the request to provide additional information.

The State argues that defense counsel did not show the need for the invasive information requested. It further argues that because the requested contact information was requested for an *in camera* inspection, the State and the St. John the Baptist Parish Sheriff's Office did not determine if the records disclosed were subject to La. R.S. 44:1(A). The State acknowledges that the names of the personnel working at the 9-1-1 call center or who took certain 9-1-1 calls is certainly subject to public records requests and potentially to *subpoenas duces*

*tecum*. However, the State argues that defense counsel has not demonstrated that the documents sought are evidentiary, relevant, or requested in good faith.

In its "Amended Answer to Motion for Discovery," the State provided that it was amending discovery to include one 9-1-1 disc and a supplemental report by Captain Brandon Barlow. The supplemental report dated June 13, 2019 sets forth that on Friday, May 6, 2022, Captain Barlow of the St. John the Baptist Parish Sheriff's Office was provided with a copy of a 9-1-1 phone call that was recorded on June 13, 2019. The report provides that Captain Marshall Carmouche of the St. John the Baptist Parish Sheriff's Office Communication Division stated that he conducted further research into any and all phone calls that were made prior to, during, and after the armed robbery. It also provides that Captain Carmouche stated that he located one 9-1-1 emergency phone call that was approximately thirty seconds long and was made on June 13, 2019, at approximately 8:46:33 a.m. The report further provides that Captain Carmouche stated that the 9-1-1 phone system did not log the phone number the call originated from. It states that Captain Barlow listened to the 9-1-1 phone call in which the St. John the Baptist Parish Sheriff's Office dispatcher answers the call and stated, "Hello 9-1-1" several times. The report states that at no time could an answer be heard on the line from any other person besides the dispatcher. It also states that a CD copy of the phone call was attached to the report.

Thereafter, defense counsel sent a letter to the St. John the Baptist Parish Clerk of Court's Office asking it to issue a *subpoena duces tecum* to the St. John the Baptist Parish Sheriff's Office as follows:

> YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects for the deposition on August 26, 2022 at 2 p.m., at The Law Offices of Jacqueline F. Maloney, LLC, 3445 N. Causeway Blvd. Suite 210, Metairie, Louisiana 70002, pursuant to the provisions of Article 1354 *et. seq.* of the LA Code of Civil Procedure:

4

A copy of audio recording of all VoIP (Voice over Internet Protocol) phone calls that were placed to your department on June 13, 2019 from any location from 7 a.m. until noon on that date.

The names, current address and contact information for all employees employed by the St. John the Baptist Sheriff's Office assigned to the 911 call center as of June 13, 2019.

The names and address and contact information for all 911 employees, or all employees working at the 911 call center for the St. John the Baptist Sheriff's office on June 19, 2019.

Afterwards, defense counsel filed "Defendant's Supplemental Motion for Discovery," stating that pursuant to the statutes of Louisiana, including La. C.Cr.P. arts. 716-722, it was filing a supplemental discovery request as follows:

1. Any and all VoIP (Voice over Internet Protocol) recordings from the St. John Parish Sheriff's Office from June 13, 2019 from 7:00 a.m. until noon on that date that are in the District Attorney's possession.
2. The names, current address and contact information for all employees employed by the St. John the Baptist Sheriff's Office assigned to the 911 call center as of June 13, 2019.
3. The names and address and contact information for all 911 employees, or all employees working at the 911 call center for the St. John the Baptist Sheriff's office on June 19, 2019.

On February 15, 2023, at the hearing before Judge Vercell Fiffie, the prosecutor said that the State was complying with the August 10, 2022 order[4] to provide certain contact information for 9-1-1 operators and those listed on duty for an *in camera* review by the trial judge. The prosecutor said that he had that information and was finally able to get it that morning. Defense counsel stated that she was in possession of a document that appeared to be from the St. John the Baptist Parish Sheriff's Office and contained the names of four 9-1-1 operators no longer employed with the Sheriff's Office, as well as the names of three operators who were still employed there. She asserted that her request to the District Attorney's Office and the Sheriff's Office was for the names, current addresses, and contact information for all of their 9-1-1 operators working on the day of the

---

[4] The writ application does not contain an order from August 10, 2022.

5

offense. Defense counsel also asserted that this was a "good start," but not what she requested. She maintained that she did not have any information on the four operators who were no longer employed with the Sheriff's Office. She contended that the Sheriff's Office would have their last addresses and phone numbers from when they were employed there. Defense counsel asked the trial judge to order that she be provided with the former employees' last addresses and contact information so she could speak with them. Defense counsel also wanted the phone numbers and e-mail addresses of the current employees.

The prosecutor responded that this matter came before the trial judge on August 10, 2022. He said that according to the minutes, the trial judge ordered the State to furnish a list of 9-1-1 employees and addresses *in camera* as requested by the defense, which he stated he had done. The prosecutor asserted that the State submitted that information *in camera* and that the trial judge decided to provide it to the defense. The prosecutor objected because he did not believe that information was relevant or material to the instant case. He stated that the trial judge denied his request to set a trial date.

The prosecutor contended that the August 10, 2022 order was only for the names and addresses of current 9-1-1 employees. He assumed that was incorrect and that defense counsel probably wanted the names and addresses of the employees who were working on the date of the homicide and not those employed on August 10, 2022. The prosecutor maintained that he had complied with the trial judge's order and that the defense made no objection to that order at that time. The prosecutor explained that defense counsel could either send an investigator to those employees where the contact information had been provided, or she could send a certified letter requesting those individuals to contact them and submit themselves to interviews by the defense. The prosecutor asserted that those individuals were

6

not required by law to submit to that request and could not be made to do so other than by a *subpoena* for a hearing or a trial in a criminal matter.

The prosecutor also asserted that further disclosure of personal information such as e-mail addresses or phone numbers of "law enforcement personnel" is "quite an expansive turn and change" under the discovery statutes and was unwarranted. He pointed out that he strictly complied with the August 10, 2022 order with the exception that he provided the names based upon the date of the homicide.

The trial judge responded:

> And the Court is looking at the actual Motion for Discovery, not the Minutes. And in the Motion for Discovery it says the names, current addresses and contact information for all employees employed by the St. John the Baptist Parish Sheriff's Office assigned to the 9-1-1 Call Center as of June 13th, 2019.

The trial judge further stated:

> The names, addresses and contact information for all employees or all employees working at the 9-1-1 Call Center for the St. John the Baptist Parish Sheriff's Office on June 12th, 2019 and June 13th, 2019. Those are the two days that are in the Motion for Discovery and that includes contact information.

The prosecutor responded that the trial judge did not grant all of those requests as reflected in the minutes. The trial judge asked the prosecutor if he had read the transcript, and the prosecutor responded negatively, pointing out that he was relying upon the accuracy of the court minutes and the presumption that court records are accurately maintained. The prosecutor again asserted that the State had complied with the August 10, 2022 order and that the defense had not objected to the minutes or the trial judge's previous order. The trial judge stated, "At this point then, let's get the Record clear that the State is to provide the information requested in the Motion for Discovery."

The prosecutor noted his objection and his intent to take a writ. Defense counsel asserted that she was entitled to *Brady*[5] information and that all she wanted was the person who talked to defendant on the morning of the robbery and shooting. She claimed that the State had done nothing in the last several years that she had been handling this case to assist her in obtaining that information. The prosecutor responded that his understanding was that defense counsel's request had been modified to the operator who took the call. The trial judge responded, "No. The request is not modified." The prosecutor said that if the request was modified to the person who spoke to defendant, he would give only that information to the defense. The trial judge stated, "Well, what was requested in the written request." The trial judge further stated:

> Don't try to beat around the bush. Give the information up, otherwise it could be seen to rise to something where the State is trying to hold something back, which I'm sure the State does not want to do.

> They want to provide the information and I think her request was rather clear in regards to what was requested. So the State is to respond to her request with the information that was requested.

The prosecutor orally noticed his intent to take a writ and stated that he would follow it up in writing. He said that the State had already e-mailed and was again filing in open court a Rule to Show Cause to the Sheriff to comply with producing the exact records. The prosecutor pointed out that the record was not his to produce.

The State contends that if the goal is to summon a particular 9-1-1 operator who answered a particular call from defendant's phone, then defense counsel must show that the documents are evidentiary, relevant, and requested in good faith, and that the process to obtain that information is clearly delineated in La. C.Cr.P. art. 732 and *Marcelin*, *supra*. In conclusion, the State requests that this Court grant its

---

[5] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

writ application, vacate the order of the trial court, and deem defense counsel's request satisfied based on the State's having provided the names of all employees working on the days requested and addresses of the current employees.

## ANALYSIS

La. C.Cr.P. art. 732 provides:

Art. 732. Subpoena duces tecum

A subpoena may order a person to produce at the trial or hearing, books, papers, documents, or any other tangible things in his possession or under his control, if a reasonably accurate description thereof is given; but the court shall vacate or modify the subpoena if it is unreasonable or oppressive.

La. R.S. 44:11 provides in pertinent part:

§ 11. Confidential nature of certain personnel records; exceptions

A. Notwithstanding anything contained in this Chapter or any other law to the contrary, the following items in the personnel records of a public employee of any public body shall be confidential:

(1) The home telephone number of the public employee where such employee has chosen to have a private or unlisted home telephone number because of the nature of his occupation with such body.
(2) The home telephone number of the public employee where such employee has requested that the number be confidential.
(3) The home address of the public employee where such employee has requested that the address be confidential[.]

In *Marcelin*, *supra*, the Louisiana Supreme Court discussed the criteria for issuing a pre-trial *subpoena duces tecum* as follows:[6]

Although La. C.Cr.P. arts. 731 and 732 do not purport to address compulsory process during pre-trial discovery proceedings, otherwise regulated by the provisions of La. C.Cr.P. art. 716-729.6, which do not authorize the court-ordered production of documents or other tangible things not in the possession, custody, or control of the state, a district court possesses the inherent authority "to issue such writs and orders as may be necessary or proper in aid of its jurisdiction ... and to so control the proceedings that justice is done." This authority includes the discretion to issue *subpoena duces tecum*

---

[6] In *Sly v. State*, 21-648 (La. App. 5 Cir. 11/9/21), 2021 WL 5869521, *writ denied*, 21-1849 (La. 2/15/22), 332 So.3d 1180, this Court stated that in *Marcelin*, *supra*, the Louisiana Supreme Court had set forth the criteria regarding the issuance of a pre-trial *subpoena duces tecum*, finding that the moving party had to clear the following three hurdles: (1) relevancy; (2) admissibility; and 3) specificity.

during pre-trial discovery proceedings under narrowly defined circumstances. *State v. Ortiz*, 567 So.2d 81, 83 (La.1990) (remanding the case for reconsideration because the court of appeal "did not reach the ultimate issue regarding [the] records [produced during pre-trial discovery in guilt or punishment."); *cf. United States v. Nixon*, 418 U.S. 683, 702, 94 S.Ct. 3090, 3104, 41 L.Ed.2d 1039 (1974) ("Enforcement of a pretrial *subpoena duces tecum* must necessarily be committed to the response to a *subpoena duces tecum*], *viz.*, whether the trial court abused its discretion in finding that the DHHR records constituted evidence that would be favorable to the accused and material as to sound discretion of the trial court since the necessity for the *subpoena* most often turns upon a determination of factual issues.").

The criteria for issuing a pre-trial *subpoena duces tecum* under the authority of Fed.R.Crim.P. 17(c) provide guidance to a court in Louisiana in determining whether to exercise its discretion to issue the subpoena in the context of pre-trial criminal discovery proceedings. *Nixon*, 418 U.S. at 699-700, 94 S.Ct. at 3103 (The moving party "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity."); *see also United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) ("[A] Rule 17 *subpoena duces tecum* cannot substitute for the limited discovery otherwise permitted in criminal cases and the hope of obtaining favorable evidence does not justify the issuance of such a subpoena.")(internal quotation marks and citation omitted); *United States v. Bueno*, 443 F.3d 1017, 1026 (8th Cir.2006) ("[A] moving party must show, among other things, that the documents are evidentiary and relevant and that the application is made in good faith and is not intended as a general fishing expedition."); *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir.2002)(Rule 17(c) "is not a discovery device to allow criminal defendants to blindly comb through government records in a futile effort to find a defense to a criminal charge. Instead, it allows only for the gathering of specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial.") (citations omitted).

In the present case, we find no abuse of discretion by the trial judge in declining to issue a *subpoena duces tecum* directing the Criminal Sheriff for Orleans Parish to produce the prison record of a witness the state intends to call at trial, or in failing to order the file produced for its in camera inspection, on the mere supposition that because the witness initially misrepresented her name to the police following her arrest on an unrelated charge, the file might contain impeachment evidence or other evidence favorable to the defendant and relevant to any material issue at trial. A far greater particularized showing than the desire to comb through records in an attempt to find something useful for trial is required to justify the court-ordered production of documents outside the scope of the reciprocal discovery provisions of La. C.Cr.P. art. 716-729.6.

In *State v. Smith*, 17-21 (La. 3/13/17), 212 So.3d 1166, the Louisiana Supreme Court granted the writ in part, finding that the district court abused its

discretion in issuing the *subpoena duces tecum* for St. John the Baptist Parish Sheriff's Office materials because the narrowly defined criteria provided in *Marcelin*, *supra*, were not met. The Supreme Court cited *United States v. Bueno*, 443 F.3d 1017, 1026 (8th Cir. 2006) ("[A] moving party must show, among other things, that the documents are evidentiary and relevant and that the application is made in good faith and is not intended as a general fishing expedition."). The Supreme Court therefore quashed the *subpoena duces tecum* for the materials.

In *State v. Lacaze*, 13-2364 (La. 10/9/13), 127 So.3d 908, 909, the Louisiana Supreme Court granted the writ and reversed the ruling of the trial court granting the defense motion to subpoena the witness's telephone records. The Supreme Court found that the trial court abused its discretion in ordering the issuance of the subpoenas. It further found that the witness's personal information, including the telephone numbers of her friends, family, and coworkers, should not be supplied to the defendant, without a showing of relevancy, admissibility, and specificity of the information sought, especially, where the witness fears for her safety and the defendant has no constitutional right to the post-conviction discovery of the information, citing *Marcelin*, *supra* (addressing the prerequisites for pre-trial discovery and holding, "A far greater particularized showing than the desire to comb through records in an attempt to find something useful for trial is required to justify the court-ordered production of documents outside the scope of the reciprocal discovery provisions of La. C.Cr.P. art. 716-729.6").

In the instant case, we find that the trial judge abused his discretion by ordering the State to provide to the defense all of the addresses, phone numbers, and other contact information of all current and former employees of the St. John the Baptist Parish Sheriff's Office 9-1-1 call center who were working on June 13 and 19, 2019. As was set forth above, in *Marcelin*, *supra*, the Louisiana Supreme Court set forth the criteria regarding the issuance of a pre-trial *subpoena duces*

11

*tecum*, finding that the moving party had to clear the following three hurdles: (1) relevancy; (2) admissibility; and 3) specificity. Defense counsel has not shown that all of this information is relevant, admissible, or specific under *Marcelin*, *supra*. *See Smith*, *supra*; *Lacaze*, *supra*.

Here, the State gave the trial judge the names of the current and former employees of the 9-1-1 call center on the dates in question and the addresses of the current employees, and the trial judge gave that information to defense counsel. As to the current employees, it does not appear that defense counsel has shown a need for their phone numbers, e-mail addresses, or other contact information to secure their presence at a trial or a hearing.

As to the former employees, it was unreasonable and invasive for the trial judge to order the State to provide the addresses, phone numbers, or other contact information of those former 9-1-1 operators to the defense. As was set forth previously, La. R.S. 44:11 generally provides that the following items in the personnel records of a public employee shall be confidential: the home telephone number where the public employee has chosen to have a private or unlisted telephone number; the home telephone number where the public employee has requested that the number be confidential; and the home address where the public employee has requested that the address be confidential. However, in the instant case, the former employees are no longer public employees. Additionally, the State indicated in its brief that the prosecutor and the Sheriff's Office did not determine if the records disclosed were subject to La. R.S. 44:11 because the information was given to the trial judge for an *in camera* inspection.

### CONCLUSION

In light of the foregoing, we find that the trial judge abused his discretion by ordering the State to provide the defense with all of the information in question. We hereby grant the writ, vacate the trial judge's order of February 15, 2023, and

deem defense counsel's request satisfied by the State's having provided the names of all current and former employees of the St. John the Baptist Parish Sheriff's Office 9-1-1 call center who were working on the days requested and the addresses of the current employees.

Gretna, Louisiana, this 16th day of May, 2023.

**JGG**
**SMC**

| STATE OF LOUISIANA | NO. 23-K-203 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| SUFYAN NASSAR | COURT OF APPEAL |
| | STATE OF LOUISIANA |

**JOHNSON, J., CONCURS WITH REASONS**

I, respectfully, concur in the result of the majority disposition. I agree that defense counsel failed to show—and the trial court failed to determine—that the all of the requested information was relevant, admissible, or specific pursuant to *State v. Marcelin*, 10-2036 (La. 10/15/10), 46 So.3d 191, 192-93 (*per curiam*); thus, the trial court's February 15, 2023 order should be vacated. However, I express no opinion on whether the State's production of evidence should be deemed satisfied in regards to defense counsel's requests. I would remand the matter to the trial court for consideration of the factors set forth in *Marcelin*, *supra*.

**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **05/16/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-K-203**

### E-NOTIFIED
40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Anthony J. Ibert (Relator)

Honorable Bridget A. Dinvaut (Relator)
Jacqueline F. Maloney (Respondent)

### MAILED